IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KAYLA W.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-00026-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Kayla W. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") on December 12, 2016. For the reasons that follow, the Court AFFIRMS the Commissioner's Decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied for SSI on July 24, 2014. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision on December 12, 2016. While the ALJ's decision was pending, Plaintiff had a subsequent medical operation and submitted evidence of that operation to the Appeals Council with her request for review. After the Appeals Council denied her request for review, Plaintiff filed a timely complaint in this Court seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir.

2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon a claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the

claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. At step two, the ALJ found that Plaintiff had the following severe limitations: "depression, anxiety/PTSD/panic disorder (20 CFR 416.920(c))." Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, repetitive, routine tasks requiring no more than occasional, indirect contact with coworkers, and no contact with the general public.

Tr. 19. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including industrial cleaner, lab equipment cleaner, and laundry worker. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (i) whether the ALJ improperly evaluated Plaintiff's left-foot impairment and whether the additional evidence submitted after the ALJ's decision undermines the ALJ's assessment, and (ii) whether the ALJ

improperly discounted the opinion of Claudia Dogan-Coles, Plaintiff's treating physician's assistant. Each issue is addressed in turn.

I. **Left Foot Impairment & New Evidence**

Plaintiff argues that the ALJ erred in not finding that Plaintiff had a severe left foot impairment at step two of the five-step sequential evaluation process. I disagree.

Where an ALJ finds in a claimant's favor at step two, the omission of other impairments at that step is harmless, so long as the ALJ considers resulting limitations throughout the remainder of the analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Where "step two was decided in [the claimant's] favor... [she] could not possibly have been prejudiced." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Here, the ALJ found that Plaintiff has severe limitations at step two. Step two analysis is not to determine whether Plaintiff is in fact disabled. It is simply a threshold determination as to whether Plaintiff's claims of disability are weak. The ALJ found in Plaintiff's favor at step two, which warranted continuing in the Commissioner's five-step analysis to determine whether Plaintiff was disabled under the Act. And, even if the ALJ had been required to account for Plaintiff's left foot impairment at step 2, his failure to do so would be harmless because the ALJ continued to assess Plaintiff's left foot complaints in his opinion. Thus, the ALJ did not err.

Nevertheless, Plaintiff argues that the ALJ erred in his assessment of Plaintiff's left toe. In February 2015, Plaintiff reported to Dr. Jones that she was having issue with her left toe and Dr. Jones encouraged her to wear supportive shoes. Two months later, Dr. Jones indicated that Plaintiff's toe had improved, and he continued to recommend supportive shoes. The record contained no further treatment notes from Dr. Jones. Plaintiff points to Ms. Dogan-Coles's assessment of her foot issue but the ALJ noted that Ms. Dogan-Coles had no positive left foot findings on examination. The ALJ then cited the fact that Plaintiff took walks to relieve anxiety, up to 10 miles per day and, as explained more fully in the next section, discounted the opinion of Ms. Dogan-Coles, which was the only opinion in the record indicating Plaintiff had any physical functional limitations.

Plaintiff further argues that the Appeals Council erred in not considering additional evidence of her left foot impairment after the ALJ's decision.

The Ninth Circuit has stated that federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). Instead, when the Appeals Council considers new evidence in deciding whether to review an ALJ's decision, the evidence becomes part of the administrative record and the Court must consider the new evidence, along with the record as a whole, when reviewing the ALJ's decision for substantial evidence. *Id.* at 1162–63; *see also Lingenfelter v. Astrue*, 504 F.3d 1028,

1030 n.2 (9th Cir. 2007) (noting that when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel,* 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review.").

Here, after the ALJ's unfavorable decision, Plaintiff submitted new records to the Appeals Council which included further treatment notes for a December 2016 visit with Dr. Jones. Dr. Jones completed a surgical operation to address arthritis and to remove a bunion on Plaintiff's left foot. Consistent with *Brewes*, this new evidence is now part of the administrative record and the Court is to consider whether the ALJ's decision is still supported by substantial evidence in light of the record as a whole. 682 F.3d at 1162–63. Dr. Jones's notes indicate that recovery would consist of two weeks of stitches, two to four months for 80 percent healing, and "the rest of the healing over a year," with possible complications. He also indicated that Plaintiff would need to wear a surgical shoe and limit her movement for the weeks following the procedure.

I find that substantial evidence supports the ALJ's decision, even considering the additional evidence. By all indications, Plaintiff's treatment went well. Dr. Jones's treatment notes indicate that Plaintiff is likely to recover from her foot surgery within a one-year period and the evidence is insufficient to prove a severe impairment. Plaintiff also argues that the ALJ erred because the ALJ's suggested

medium-level exertion jobs require standing and walking for most of the day. But Plaintiff reported walking many miles and then told Dr. Jones in December 2016 that she was on her feet as much as 90% of the day. And, any residual issues after Plaintiff's foot operation are expected to resolve. The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). While Plaintiff requires some recovery time, social security was not intended to provide benefits to individuals suffering from intermittent and treatable issues. Thus, I find that even considering the new medical records, the ALJ's decision is supported by substantial evidence.

## II. PA Dogan-Coles's Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of Claudia Dogan-Coles, her treating physician's assistant. I disagree.

Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, and licensed podiatrists. 20 C.F.R. § 404.1513(a). Nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists are considered other medical sources. 20 C.F.R. § 404.1513(d)(1). Non-acceptable medical sources are "not entitled to the same deference" as acceptable medical sources. *Molina*, 674 F.3d at 1111. An ALJ may not reject the competent testimony of other medical sources without comment. *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1053 (9th Cir. 2006). To reject the competent testimony of other

medical sources, the ALJ need only give "reasons germane to each witness for doing so." *Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

Here, the ALJ discounted Ms. Dogan-Coles's testimony. Since Ms. Dogan-Coles is a not an acceptable medical source, the ALJ only needs to provide germane reasons for discounting her opinion. First, the ALJ found that Ms. Dogan-Coles's described limitations on movement were inconsistent with the extensive walking Plaintiff described throughout the record. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (explaining that an ALJ may discredit an other-source opinion by relying on a plaintiff's inconsistent activities). Next, the ALJ found that Ms. Dogan-Coles provided no explanation for the described limitations and did not examine Plaintiff's foot at her office visit—in fact, she indicated Plaintiff had a normal gait and station. A lack of explanation is a germane reason. *Molina*, 674 F.3d at 1111 (an ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.").

The ALJ further found that Plaintiff's foot complaints were intermittent and successfully treated as they arose. The ALJ contrasted Ms. Dogan-Coles's opinion with the treatment record, including with charts from Dr. Jones, which indicated a long gap in complaints between April 2015 and August 2016. While the records submitted to the Appeals Council show that Plaintiff sought further treatment from Dr. Jones, this fact does not undermine the ALJ's overall decision since Dr. Jones simply treated her recent acute complaints, which did not prevent her from being on

her feet up to 90% of the day. "Even when the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. The ALJ provided multiple germane reasons for discounting Ms. Dogan-Coles's opinion and I find those reasons to be legally sufficient. Thus, the ALJ did not err.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 6 day of May, 2019.

_____
Ann Aiken
United States District Judge